UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CMB Infrastructure Group IX, LP et al., | Case No. 2:21-cv-00214-CDS-DJA |
| Plaintiffs | **Order Granting Defendants' Motion for Partial Judgment** |
| v. | |
| Cobra Energy Investment Finance, Inc. et al., | [ECF No. 125] |
| Defendants | |

Following my October 2024 order denying plaintiffs'[1] motion to vacate the arbitration award, granting defendants'[2] motion to compel arbitration, and granting defendants' cross-motion to confirm the arbitration award, defendants now move for partial judgment. Mot., ECF No. 125. Specifically, they seek judgment as to plaintiffs' Claims 1 through 5, which defendants succeeded on in arbitration before the International Chamber of Commerce (ICC Award, ECF No. 111-2 at 418) and which was confirmed in my prior order (ECF No. 124 at 14, 20–21).[3] This motion is fully briefed.[4] Because I find that there is no just reason for delay, I grant judgment for defendants as to Claims 1 through 5.

I.      **Legal standard**

When there are multiple claims or multiple parties to an action, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

---

[1] The plaintiffs involved in this case are CMB Infrastructure Investment Group IX, LP, CMB Infrastructure Investment Group XI, LP, and CMB Export, LLC. Am. compl., ECF No. 1-2 at 2.
[2] The defendants involved in this motion are ACS Servicios Comunicaciones y Energia, S.L.; Tonopah Solar Energy, LLC; and the Cobra defendants—Cobra Energy Investment, LLC; Cobra Energy Investment Finance, Inc.; Cobra Industrial Services, Inc.; Cobra Instalaciones y Servicios S.A.; and Cobra Thermosolar Plants, Inc. Mot., ECF No. 125 at 1.
[3] Plaintiffs' Claims 7 through 10 have not been resolved and, as a result of my prior order, must be resolved through arbitration. ECF No. 124 at 15–20. Claim 6 was dismissed with prejudice prior to the arbitration. ECF No. 70 at 32.
[4] *See* Opp'n, ECF No. 126; Reply, ECF No. 129.

The district court has "sound judicial discretion" in determining when a final decision in a multiple claims action is ready for an appeal. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). This was traditionally reserved for "unusual situations." *Morrison Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). More recently, however, the trend has been toward a less restrictive view of Rule 54(b) than set forth in *Morrison-Knudsen. See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991) ("Rule 54(b) certification "is proper if it will aid 'expeditious decision' of the case.'" (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987)). A judgment under Rule 54(b) is improper where the adjudicated and pending claims are closely related and stem from the same basic transaction. *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749 (9th Cir. 2008). Courts also consider whether immediate review of the portions ruled upon will result in later duplicative proceedings. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005). "[T]he burden lies with the moving party (here, Defendants) to show that the circumstances of their case merit Rule 54(b) judgment." *Birkes v. Tillamook Cnty.*, 2012 WL 2178964, at *3 (D. Or. June 13, 2012).

## II.     Discussion

Defendants first argue that Claims 1 through 5, which have been resolved, and Claims 7 through 10, which must still be resolved through arbitration, are wholly separate and not dependent on each other. ECF No. 125 at 4–5. Specifically, they point to the facts that (1) the groups of claims arise out of different contracts—1 through 5 involve the Group 11 Loan Agreement and 7 through 10 involve the TSI LLC Agreement; (2) the two contracts are governed by different state laws—Group 11 Loan Agreement under New York law, TSI LLC Agreement under Delaware law; (3) prior to my order at ECF No. 124, the ICC determined it had jurisdiction over Claims 1 through 5 but not Claims 7 through 10 because "those [latter] claims are not related to the Guaranty or Group XI Loan Agreement, which contain the only arbitration clauses mentioned in the Terms of Reference [and govern claims 1 through 5]" (ICC Award, ECF No. 111-2 at 436); (4) the claim groupings concern "distinct events, time periods, and parties"

2

and are brought in different capacities "claims 1 through 5 were asserted by Plaintiffs directly and claims 7 through 10 are brough [sic] as assignee of SolarReserve, Plaintiffs' former debtor"; and (5) plaintiffs have repeatedly argued that Claims 1 through 5 and Claims 7 through 10 are distinct throughout this case. ECF No. 125 at 4–5; Reply, ECF No. 129 at 4–5. They then argue that the equities favor entering judgment on the Award now because plaintiffs' opposition here continues a repeated pattern of stalling, which now includes that they "have not even initiated arbitration on claims 7 through 10 as this Court ordered them to do." ECF No. 125 at 6 (citing ECF No. 124 at 21). On the other hand, defendants explain that they are working with reasonable haste, having filed this motion less than two months after my order. *Id.* (citing *Birkes*, 2012 WL 2178964, at *3 (finding that yearlong delay in seeking Rule 54(b) relief demonstrates lack of "the usual haste associated with the phrase 'no just cause for delay'")).

       In response, plaintiffs rely heavily on a close reading of *Morrison-Knudsen Co. v. Archer*, citing to a slew of old cases from multiple circuits to argue for a maximally limited interpretation of Rule 54(b). ECF No. 126 at 3–4. They argue that the "claims arise out of the same factual circumstances as the claims decided in the prior arbitration" and an award in their favor on Claims 7 through 10 "will likely completely offset the fee award on which Defendants now seek to turn into a final partial judgment." *Id.* at 4–5. Plaintiffs explain that if final judgment were entered now, they would be "forced to appeal," that "an adverse determination on the pending claims will likely result in a second appeal." *Id.* at 3. In addition, they state that granting this motion would result in a multiplicity of legal proceedings because they retain the right to appeal the two orders compelling arbitration (ECF Nos. 70 and 124), and successfully appealing would vacate this order, should I grant defendants' motion. *Id.* at 5.

       I find that invoking Rule 54(b) and granting partial judgment here is appropriate. First, I note that I follow the trend adopted by courts of this circuit over the last forty years and interpret Rule 54(b) to reach more cases than only those "unusual" ones so long as there is no just reason for delay and the balance of equities weigh in favor of the moving party. *See Texaco*,

*Inc.*, 939 F.2d at 797–98. Given that, I find persuasive defendants' arguments separating Claims 1 through 5 from Claims 7 through 10. I find especially significant that not only the parties, but also the ICC, have acknowledged the differences between the two claim groups, which are dependent on different contracts and based in different law. Plaintiffs' threatened reason for delay is that they will be "forced to appeal" thus setting this litigation up to potentially be split into two concurrent appeals. However, because of the gulf that separates the claim groups, I am not concerned that the immediate review of Claims 1 through 5 will result in later duplicative proceedings with regard to Claims 7 through 10. Defendants bear the burden to show there is no just reason for delay, *see Birkes*, 2012 WL 2178964, at *3; they met their burden, putting forth several reasons, including that the arbitration award has already been confirmed based on my prior order.

Further, all of plaintiffs' arguments are premised on the continuing arbitration of Claims 7 through 10. However, it appears that, at least as of the filing of the motion, plaintiffs had not even initiated that arbitration, despite having been ordered to do so nearly two months prior. Balancing the equities, on one hand I have already upheld the ICC Award entitled to defendants. On the other, plaintiffs continue to delay resolution of the remainder of this case while declaring that judgment on one portion cannot be entered without the other but fail to even adequately explain why. I find that the equities clearly weigh in favor of granting the partial judgment to defendants. Therefore, I enter judgment on Claims 1 through 5 and order payment consistent with the ICC Award and my order docketed at ECF No. 124.

### III. Conclusion

IT IS THEREFORE ORDERED that defendants' motion for partial judgment [ECF No. 125] is GRANTED.

The Clerk of Court is kindly instructed to enter judgment on Claims 1 through 5 in favor of defendants ACS Servicios Comunicaciones y Energia, S.L., Tonopah Solar Energy, LLC, Cobra Energy Investment, LLC, Cobra Energy Investment Finance, Inc., Cobra Industrial Services, Inc.,

Cobra Instalaciones y Servicios S.A., and Cobra Thermosolar Plants, Inc. against plaintiffs CMB Infrastructure Investment Group IX, LP, CMB Infrastructure Investment Group XI, LP, and CMB Export, LLC in the amount of $2,437,221 as awarded by the ICC, plus $80,025.52 in pre-judgment interest, and post-judgment interest computed daily [from October 15, 2024] to the date of payment at a rate of 4.22%, compounded annually.

Dated: June 17, 2025

_____
Cristina D. Silva
United States District Judge